IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,
    Plaintiff,

v.                            Case No. 11-10066-01-JTM

Virgil E. Dillon,
    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendant Virgil Dillon (Dkt. 58) requesting a free copy of "all printable material docketed with the court." Defendant contends that as an indigent party, he is entitled to a "free copy of all legal material in the courts (sic) possession." (Dkt. 58, p.1). Defendant does not, however, identify a particular reason for his request of the court's entire record in this matter other than to state that this is a "legitimate Due Process issue." The information given by defendant is currently insufficient to support the relief that he has requested.

On January 10, 2012, a federal grand jury returned a Superseding Indictment charging defendant with 7 counts of mailing a threatening communication contrary to 18 U.S.C. section 876(c). The court held a bench trial on January 24, 2012 (Dkt. 42) and then requested further briefing from the parties. After all parties submitted trial briefs, the court entered a Memorandum and Order on January 31, 2012, finding defendant guilty beyond a reasonable doubt of Counts 1, 2, 3, 4, 5, 6, and 7 of the Superseding Indictment. (Dkt. 45). Defendant was sentenced on May 21, 2012 to 120 months imprisonment followed by three years of supervised release on counts 1 through 4 and 6 through 7 of

the Superseding Indictment, and 30 months imprisonment on count 5 of the Superseding Indictment to run consecutively with the sentence on counts 1 through 4 and 6 through 7, followed by three years of supervised release to run concurrently with the supervised release sentence on the other counts.

Defendant has not challenged his conviction and sentence by direct appeal, and at this point he would be time-barred from doing so. *See* Fed. Rule Appellate Procedure 4(b)(1) (requiring a defendant's notice of appeal to be filed within 14 days of the entry of judgment or order being appealed). It is unclear from defendant's motion whether he intends to file a habeas corpus action or a motion under 28 U.S.C. § 2255 attacking his sentence. In the event that defendant was to pursue such collateral relief, his right to proceed *in forma pauperis* would be governed by 28 U.S.C. § 1915 which specifies when the court may direct the United States to pay the expenses of printing the record on appeal or preparing transcripts. *See also* 28 U.S.C. § 753(f) (directing when fees for transcripts furnished in habeas corpus or § 2255 proceedings shall be paid by the United States). 28 U.S.C. § 1915, however, requires an individual seeking such relief to submit an affidavit including, among other things, a statement of assets insufficient to pay any required filing fees and a statement of the nature of the action to be pursued and the affiant's belief that he is entitled to the relief requested.

Defendant has not provided any indication of the reason for requesting a copy of the full record in his case, nor has he complied with the requirements of 28 U.S.C. § 1915 to obtain authorization to pursue a collateral attack of his sentence *in forma pauperis*. Even if he were so authorized, courts have held that the "statutory right to proceed in forma

pauperis … does not include the right to obtain copies of court orders without payment therefor." *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (citing *Hullom v. Kent*, 262 F.2d 862 (6th Cir. 1959)). *See also U.S. ex rel. McNeill v. Avis*, 108 F.2d 457, 457-58 (3d Cir. 1939) ("[s]ince the [defendant] did not take an appeal from his conviction in the District Court and the judgment of conviction has become final the provisions of the [act] authorizing criminal actions to be defended by poor persons in [f]orma pauperis are no longer applicable to his case. Accordingly any copies of papers relating to his case which he desires to procedure from the Clerk of the District Court … must be procured in the ordinary way upon payment of lawful fees.").

Defendant's motion for an order requiring the Clerk of Court to provide a copy of "all printable materials" in his case without the payment of the standard lawful fee is therefore DENIED without prejudice. Defendant may re-file his motion with clarification of the purpose of his request for documents, the specific documents requested, and the relief he intends to seek from the court, if any.

IT IS SO ORDERED.

Dated this 20th day of December, 2019.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT