IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

    vs.                                No. 11-10066-1-JTM

VIRGIL E. DILLON,
           Defendant.

MEMORANDUM AND ORDER

This matter is now before the court on defendant Virgil Dillon's motion (Dkt. 60) for compassionate release under 18 U.S.C. § 3582(c)(l)(A). Dillon argues the court should reduce his sentence in light of the risk he faces from the COVID-19 virus and medical conditions including chronic obstruction pulmonary disease, hypertension and asthma. The defendant has the burden to show he should be released under § 3582. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if a defendant otherwise shows that "extraordinary and compelling" reasons support a release, he must demonstrate that such a result is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a).

Having reviewed the pleadings, the court finds that the defendant has failed to demonstrate extraordinary and compelling reasons for release. Although the defendant has underlying medical conditions which in general elevate the risk of the Covid-19 virus, the medical records establish that the defendant contracted the Covid-19 virus in

September, 2020. After isolation, he recovered and was released as asymptomatic on October 1, 2020. The defendant has the burden of showing the danger presented by continued imprisonment, and has failed to show that he is at risk from re-contracting the virus after his successful recovery.

But even assuming that the defendant met the threshold test for compassionate release, that relief should not be granted where the result would run counter to the Section 3553 factors governing an appropriate sentence. The 3553(a) factors relevant to defendant's request for compassionate release are (1) his personal history and characteristics, (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for the sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for any rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1) – (6).

This court has previously granted compassionate release to prisoners convicted of nonviolent drug crimes. However, the court has repeatedly concluded that release under § 3582 should be denied where that remedy would fail to reflect the seriousness of the offense, in particular where the defendant was convicted of violent criminal activity. *See United States v. Beasley*, No. 13-10112-01-JTM (D. Kan. Sept. 23, 2020). [1]

---

[1] Numerous other courts have reached the same conclusion. *See United States v. Taylor*, No. 4:17-CR-9(1), 2020 WL 5222797, at *5 (E.D. Tex. Sept. 1, 2020) (given the extent of defendant's drug activity and his

In the present action, the jury convicted the defendant of making armed threats by mail. The threats included death threats to multiple individuals. The defendant's 120 month sentence (the low end of the guideline range), imposed by the undersigned, was an appropriate sentence under 18 U.S.C. § 3553(a). Even if defendant had otherwise shown the basis for compassionate release, the sentence should not be reduced given the criminal conduct involved and the defendant's history of violence.

IT IS ACCORDINGLY ORDERED this day of April, 2021, that the defendant's Motion for Release (Dkt. 60) is hereby denied.

_J. Thomas Marten_
J. Thomas Marten, Judge

---

possession of a handgun in connection with that activity, "the court cannot conclude that Taylor would not pose a danger to the safety of any other person or to the community, if released from confinement"); _United States v. Brewster_, No. 3:19-CR-44-JD-MGG, 2020 WL 5088586, at *3 (N.D. Ind. Aug. 28, 2020) (release would be inconsistent with § 3553(a) given defendant's possession of weapons, including "driving a vehicle with a loaded firearm under his seat"); _United States v. Neloms_, No. 18-CR-80154, 2020 WL 4794008, at *3 (S.D. Fla. Aug. 18, 2020) (agreeing with government's argument that possession of a firearm in connection with drug trafficking would preclude § 3582(c)(l)(A) release); _United States v. McGirt_, No. 4:16-CR-86 (4), 2020 WL 4044973, at *4 (E.D. Tex. July 17, 2020) (because "McGirt's offense of conviction entail his possession of firearms while an unlawful user of a controlled substance[,] the court cannot conclude that McGirt would not pose a danger to the safety of any other person or to the community"); _United States v. Walters_, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020) (denying release to defendant guilty of "possession of methamphetamine with intent to sell and being a felon in possession of a loaded semiautomatic handgun-serious and dangerous offenses").